Allan **FONTENOT,** Plaintiff-Appellant,

v.

**LOUISIANA BOARD OF ELEMENTARY AND SECONDARY EDUCATION,** et al., Defendants-Appellees.

No. 86–3011.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1986.

Maureen O'Connell, Brenda Brown, New Orleans, La., for plaintiff-appellant.

James Carl Hrdlicka, Asst. Atty. Gen., Wm. J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before GOLDBERG, REAVLEY and GARWOOD, Circuit Judges.

GOLDBERG, Circuit Judge:

Allan Fontenot appeals a district court decision that he is not entitled to recover attorney's fees. Fontenot claimed that he was entitled to recover such fees under 42 U.S.C. § 1988 or, in the alternative, under § 505 of the Rehabilitation Act, 29 U.S.C. § 794a, because he had secured a victory on his 42 U.S.C. § 1983 claim that asserted causes of action under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Due Process Clause of the 14th Amendment, and the Education of Handicapped Children's Act (EHA), 20 U.S.C. § 1400 *et seq.* The district court found that Fontenot's successful action on the merits was based exclusively on the EHA, relying on *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). Because the EHA did not have an attorney's fees provision, such fees were held unavailable. Subsequent to the district court's decision, Congress amended the EHA expressly to make attorney's fees available, and in effect overruled the Supreme Court's decision in *Smith*. We thus vacate and remand.

We are often critical of Congress for writing vague or confusing laws—laws that can defy rational judicial interpretation. Indeed, on occasion it seems that the political processes ensure an oxymoronic exercise of conscious congressional ambiguity, which forces the judiciary into the delphic realm of augury and soothsaying. Normally the courts must divine congressional intent or statutory policy to dispose of the issue at hand. This is not such a case, however. Congress read the Supreme Court's decision in *Smith* and acted swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent.[1]

---

1. *See, e.g.,* S.Rep. No. 112, 99th Cong., *reprinted* in 1986 U.S. Code Cong. & Ad.News 1799–1800 (footnote omitted):

    Congress' original intent was that due process procedures, including the right to litigation if that became necessary, be available to all parents. On July 5, 1984, the Supreme Court, in *Smith v. Robinson,* 468 U.S. 2, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), determined that Congress intended that the EHA provide the exclusive source of rights and remedies in special education cases covered by that act. The effect of this decision was to preclude parents from bringing special education cases under section 504 of the Rehabilitation Act of 1973, and recovering attorney's fees available under section 505 of that act, where relief was available under the EHA.

    Specifically, in *Smith v. Robinson,* the Court ruled that when a remedy "provided under section 504 is provided with more clarity and precision under EHA, a plaintiff may not circumvent or enlarge on the remedies available under EHA by resort to section 504." The Court reasoned that the comprehensiveness and detail with which EHA addresses the provision of special education for handicapped children implies that Congress intended to limit remedies to those explicitly provided for in the EHA.

    The situation which has resulted from the *Smith v. Robinson* decision was summarized by Justices Brennan, Marshall, and Stevens in their dissenting opinion: "Congress will now have to take the time to revisit the matter." Seeking to clarify the intent of Congress with respect to the education rights of handicapped children guaranteed by the EHA, the Handicapped Children's Protection Act of 1985 was introduced on February 6, 1985. The Subcommittee on the Handicapped held a hearing on May 16, 1985, to receive testimony from parents of handicapped children in EHA liti-

Such attentive interaction between the First and Third Branches is all too rare, and exemplary of the way the democratic process should work in our system of government.

## I.

Fontenot, a young man with an orthopedic handicap, developed respiratory problems while a resident of the Louisiana Special Education Center (LSEC). Dr. Aline Cicardo is the Superintendent of LSEC, and LSEC is an agency of the Louisiana Board of Elementary and Secondary Education.

In March 1985, Fontenot was admitted into Children's Hospital in New Orleans and placed on a ventilator. In April, the Hospital's physicians determined that Fontenot should be released and returned to LSEC. LSEC, however, refused to readmit Fontenot, claiming that it did not have the proper staff or facilities to handle Fontenot's respiratory requirements.

After LSEC refused to admit Fontenot, he requested a state "due process" hearing, which was convened pursuant to § 615(b)(2) of the EHA, 29 U.S.C. § 1415(b)(2). On August 15, the Hearing Officer determined that Fontenot should be readmitted to LSEC.

LSEC persisted in its refusal to readmit Fontenot. He then brought suit in federal district court, seeking an order enjoining LSEC to comply with the Hearing Officer's decision. Fontenot also sought monetary damages [2] and reasonable attorney's fees. On October 3, 1985, the district court entered a judgment on the merits for Fontenot, granting a permanent injunction that ordered LSEC to comply with the Hearing Officer's decision pursuant to §§ 615(b)(2) and 615(e)(3) of the EHA. LSEC complied with the court's order, and Fontenot again resides at LSEC.

Having prevailed on the merits, Fontenot filed a motion on October 28, 1985 seeking attorney's fees for his effort to obtain judicial relief. On November 26, the district court denied Fontenot's motion.

## II.

In denying Fontenot's motion for attorney's fees, the district court relied on *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). In *Smith*, the petitioner brought a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the state had violated the EHA, the Due Process and Equal Protection Clauses of the 14th Amendment, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. After prevailing on the merits, Smith sought attorney's fees pursuant to 42 U.S.C. § 1988 and § 505 of the Rehabilitation Act, 29 U.S.C. § 794a, because attorney's fees were not then available under the EHA. The Supreme Court held that Smith's claim was exclusively controlled by the EHA and, because the EHA did not provide for attorney's fees, that attorney's fees were not available to Smith under § 1988 or § 505 of the Rehabilitation Act. Thus, in the case before us, the district court found that Fontenot's "substantive claim was based entirely on the provisions of [20 U.S.C.] § 1400," that the case was controlled by *Smith*, and that Fontenot was not entitled to attorney's fees. Rec. Vol. 1 at 54.

Subsequent to the district court's ruling, Congress passed the Handicapped Children's Protection Act of 1986, P.L. 99–372, 100 Stat. 796 (to be codified at 20 U.S.C. § 1415) (August 5, 1986). In this Act Congress amended the EHA expressly to provide attorney's fees to prevailing parties:

Sec. 2. Section 615(e)(4) of the Education of the Handicapped Act is amend-

---

gation (including the *Smith v. Robinson* case), and Edwin Martin, former Assistant Secretary of Education for Special Education and Rehabilitative Services. Written testimony was also received from the National School Boards Association and various parent, advocacy, and professional education groups. On June 11, 1985, the Subcommittee unanimous-

ly reported S. 415 with amendment to the full Committee. On July 10, 1985, the full Committee unanimously moved to order the bill, as amended, reported to the Senate.

**2.** At the hearing in which the court issued the injunction, Fontenot agreed to amend his complaint to delete the claim for damages.

ed by inserting "(A)" after the paragraph designation and by adding at the end thereof the following new subparagraphs:

"(B) In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

"(C) For the purpose of this subsection, fees awarded under this subsection shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection."

In explicitly providing for attorney's fees, Congress reversed the outcome mandated by *Smith* for plaintiffs asserting claims to enforce rights that attach under the EHA. Moreover, to abrogate fully any residual effect of *Smith,* Congress made the amendments to the EHA effective retroactive to the date of the *Smith* decision.

Sec. 5. The amendment made by section 2 shall apply with respect to actions or proceedings brought under section 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such section which were pending on July 4, 1984.

Handicapped Children's Protection Act of 1986, P.L. 99–372, 100 Stat. 796 (to be codified at 20 U.S.C. § 1415) (August 5, 1986).

### III.

It is unmistakably clear that Fontenot was a prevailing party in an action to enforce his rights under the EHA, and that his claim was filed after the effective date of the amendments. Thus, it is plain that he is entitled to attorney's fees under the amended Act. Appellees, however, contend on appeal that the 11th Amendment prevents Fontenot from recovering attorney's fees predicated on his constitutional and Rehabilitation Act claims. The parties have not had an opportunity to address the question of whether sovereign immunity bars an action against the defendants for attorney's fees under the EHA as amended. Nor has the district court had an opportunity to make findings of fact or to reach conclusions of law relating to this issue.

In addition, Fontenot claims that he is entitled to attorney's fees for the time spent litigating the merits of his case, pursuing the motion for fees, and perfecting this appeal. He also claims that the amendments to the EHA entitle him to recover attorney's fees for the administrative proceedings that preceded this suit. We express no opinion regarding these issues. Because these issues were not fully briefed by the parties and have yet to be considered by the court below, we VACATE and REMAND for the district court to conduct further proceedings consistent with this opinion.