Allan **FONTENOT**, Plaintiff–Appellee,

v.

**LOUISIANA BOARD OF ELEMENTARY AND SECONDARY EDUCATION,** et al., Defendants–Appellants.

No. 87–3325
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1988.

Winston DeCuir, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for defendants-appellants.

Maureen O'Connell, James E. Comstock, Advocacy Center for the Elderly and Disabled, New Orleans, La., for plaintiff-appellee.

Before RUBIN, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

Dr. Aline Cicardo, the Superintendent of the Louisiana Special Education Center (LSEC) appeals an award of attorney's fees entered against her in a suit by Allan Fontenot, a handicapped student. We affirm the attorney fee award and remand for calculation of appellate attorney's fees.

I. BACKGROUND

Allan Fontenot was an orthopedically handicapped student at the LSEC. In March 1985, Fontenot was transferred to a hospital to be treated for respiratory problems. When Fontenot attempted to return to the LSEC, the LSEC refused, arguing that it was not equipped to deal with Fontenot's medical problems. A state officer held two administrative hearings at which LSEC representatives and other medical experts testified, and on August 14, 1985, the hearing officer ordered the LSEC to readmit Fontenot. The LSEC refused.

In September 1985, Fontenot sued the LSEC under the Education of the Handicapped Act (EHA). 20 U.S.C. § 1415. On September 25, 1985, the district court held a hearing and granted Fontenot a temporary restraining order requiring the LSEC to carry out the state hearing officer's decision. In October 1985, the district court upgraded the temporary restraining order to a permanent injunction.

Fontenot moved for attorney's fees. The district court denied fees on the authority of *Smith v. Robinson*, in which the Supreme Court held that attorney's fees were not available in suits under 20 U.S.C. § 1415, because Congress had not expressly provided for fees. 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). During the pendency of Fontenot's first appeal, Congress passed the Handicapped Children's Protection Act of 1986, which legislatively overruled *Smith* by inserting an attorney's fee provision modelled on 42 U.S.C. § 1988 into the EHA. Pub.L. No. 99–372, 100 Stat. 796 (1986), codified at 20 U.S.C. § 1415(e)(4)(B); S.Rep. No. 112, 99th Cong., 2d Sess., *reprinted in* 1986 U.S. Code Cong. & Ad.News 1798, 1799 (expressly citing *Smith*). This Court noted that the change in the statute allowed Fontenot to sue for attorney's fees, remanding so that the district court could consider whether the eleventh amendment would bar a fee award and whether the amount requested was reasonable. *Fontenot v. Louisiana Board of Elementary and Secondary Education,* 805 F.2d 1222 (5th Cir. 1986) (*Fontenot I*). On remand, the district court concluded that the eleventh amendment does not bar payment of attorney's fees to Fontenot and awarded him $9,300. The LSEC appealed. Fontenot asks for an additional $750 for attorney's fees on appeal.

## II. DISCUSSION

■ The 1986 EHA amendment provides that a court "in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). The eleventh amendment is no bar to an award of attorney fees as costs. *Hutto v. Finney,* 437 U.S. 678, 695, 98 S.Ct. 2565, 2576, 57 L.Ed.2d 522 (1978).

■ The LSEC argues, however, that the district court erred in awarding attorneys' fees in the instant case. A district court attorney fee award will be overturned only for abuse of discretion. *Ellwest Stereo Theatre, Inc. v. Jackson,* 653 F.2d 954, 955 (5th Cir.1981) (fee award under 42 U.S.C. § 1988, the model for the EHA attorney fee provision in the instant case).

■ First, the LSEC contends that attorneys' fees are inappropriate because the district court found that the LSEC acted in good faith. This was specifically rejected as a ground for denying fees in *Ellwest.* 653 F.2d at 955. Second, the LSEC asserts that the district court is bound by its initial denial of fees. This argument is precluded by this Court's holding, in *Fontenot I,* that the district court relied on a now-overruled case and that Fontenot could claim attorney's fees under the amended statute. 805 F.2d at 1225 ("it is plain that [Fontenot] is entitled to attorney's fees under the amended Act").

■ Third, the LSEC argues that the EHA allows payment of attorney's fees only to "the parents or guardian of a handicapped child or youth." 20 U.S.C. § 1415(e)(4)(B). Fontenot was eighteen years or older during pendency of the instant suit, and therefore seeks attorney's fees in his own name. The legislative history indicates that "[u]nder appropriate circumstances, a *child or youth may also bring an action* under the EHA *and receive an award of attorneys' fees* to the extent he/she prevails." S.Rep. No. 112, at 14, *reprinted in* 1986 U.S.Code Cong. & Ad.News 1804 (emphasis added). The logi-cal conclusion of the LSEC's argument is that all handicapped students who have reached the age of majority and are otherwise competent to bring suit in their own names would be foreclosed from bringing actions under the EHA. Neither the EHA nor its legislative history support the conclusion that Congress intended to exclude that group of potential plaintiffs from EHA protection.

■ Fourth, defendants argue that the district court abused its discretion in awarding attorneys' fees to Fontenot because Fontenot was not a prevailing party. This Court previously stated "[i]t is unmistakably clear that Fontenot was a prevailing party...." *Fontenot,* 805 F.2d at 1225. Fifth, defendant cites *Coen v. Harrison County School Board,* arguing that the district court abused its discretion in ordering the LSEC to do what it would have done in any event. 638 F.2d 24 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982). The LSEC's contention is not factually supportable here. The district court issued a temporary restraining order, a preliminary injunction, and a permanent injunction because the LSEC refused to comply with the hearing officer's order. Finally, the LSEC asserts that an attorneys' fees award would not deter future violations. We disagree. The attorneys' fees award may deter future refusals to abide by hearing officers' EHA decisions.

■ The LSEC argues that the EHA amendment allowing attorneys' fees is arbitrary and capricious. In *Fontenot I,* this Court cited the amendment as an excellent example of Congressional action to guide the courts:

Congress read the Supreme Court's decision in *Smith* and acted swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent. Such attentive interaction between First and Third Branches is all too rare, and exemplary of the way the democratic process should work in our system of government.

*Fontenot,* 805 F.2d at 1223–24 (footnote omitted). Nor does the EHA exceed Con-

gress' power to impose conditions on the states. The EHA was passed pursuant to the Spending Clause and the Equal Protection Clause of the Fourteenth Amendment. *Smith,* 468 U.S. at 1012–13, 104 S.Ct. at 3469; *David D. v. Dartmouth School Committee,* 775 F.2d 411, 421 (1st Cir. 1985), *cert. denied,* 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986); *Crawford v. Pittman,* 708 F.2d 1028, 1036 (5th Cir. 1983). When Congress imposes restrictions on the states under its fourteenth amendment enforcement power, spending-clause limits do not apply. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456–57, 96 S.Ct. 2666, 2671–72, 49 L.Ed.2d 614 (1976) (approving an attorney fee award under Title VII); *David D.,* 775 F.2d at 421; *Crawford,* 708 F.2d at 1037–38.

■ Moreover, section 5 of the 1986 Act makes the attorney fee provision retroactive to all cases brought or pending since July 4, 1984. Pub.L. No. 99–372, 100 Stat. 796. Since the amendment was designed to rectify an incorrect interpretation of an Act already in place at the time Fontenot brought his suit, there is no injustice in applying the amendment to the instant case. *Board of Education of East Windsor Regional School Dist. v. Diamond,* 808 F.2d 987, 994 (3d Cir.1986); *Fontenot I,* 805 F.2d at 1225.

■ Fontenot requests an award of attorneys' fees for this appeal. In the context of an attorneys' fees request under a similar statute, this Court stated that a prevailing plaintiff is entitled to an award of attorneys' fees for efforts in litigating a fee claim and securing compensation. *Cruz v. Hauck,* 762 F.2d 1230, 1233 (5th Cir.1985). The *Cruz* Court remanded the case to the district court for an evaluation of the amount of attorneys' fees. 762 F.2d at 1238. We remand for the same purpose.

## III. CONCLUSION

The eleventh amendment does not bar an attorneys' fee award against the State in the instant case, because the *Hutto* exception allows Congress to authorize fees for parties that win prospective relief. Congress acted within its fourteenth amend-

ment enforcement power in amending the EHA to permit fees. The district court did not abuse its discretion in ordering fees in the instant case. We remand to allow the district court to consider what amount of attorneys' fees would be reasonable for this appeal.

AFFIRMED and REMANDED.