LAURA I., et al.

v.

Dr. Tom CLAUSEN, et al.

Civ. A. No. 86–457–B.

United States District Court,
M.D. Louisiana.

Jan. 11, 1988.

James E. Comstock–Galagan, Maureen O'Connell, Advocacy Center for the Elderly and Disabled, New Orleans, La., for plaintiffs.

P. Wilkinson, Asst. Atty. Gen., Winston G. DeCuir, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

Plaintiffs seek attorneys' fees incurred in representing seven handicapped children who filed this suit seeking injunctive and declaratory relief [1] on behalf of all handicapped children in Louisiana in need of special education services in an extended year program. Named as defendants in this suit were Dr. Tom Clausen, Superintendent of Education; Dan Pickens, Assistant Superintendent of Education; and several named members of the Louisiana State Board of Elementary and Secondary Education ("BESE").

On June 5, 1987, the parties entered into a consent decree which provided for extended year programs for handicapped students statewide. Therefore, plaintiffs are prevailing parties under the Education of the Handicapped Act ("EHA"). The issue before the court is whether plaintiffs are entitled to attorneys' fees under the Handicapped Children's Protection Act of 1986 ("HCPA"). 20 U.S.C. § 1415 authorizes district courts to award reasonable attorneys' fees to the prevailing party in any action brought under § 615(e) of the EHA. Section 5 of the HCPA makes the attorneys' fee provision retroactive to actions brought after July 3, 1984.

The defendants do not deny that plaintiffs are prevailing parties, nor do defend-

---

1. Claims were asserted by plaintiffs under the Education of the Handicapped Act, ("EHA"), 20 U.S.C. § 1401 et seq., the Education of Exceptional Children Act, La.R.S. 17:1941 et seq., 42 U.S.C. § 1983 and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

ants deny the applicability of the HCPA to the facts of this case. However, the defendants contend that: (1) the Eleventh Amendment of the Constitution bars recovery of attorneys' fees; (2) the retroactive application of an award is unconstitutional; and (3) alternatively, this court should, in its discretion, deny an award of attorneys' fees.

■ The defendants assert that the Eleventh Amendment bars recovery of attorneys' fees because there has been no express waiver by the State of Louisiana of its immunity from suit in federal court. This contention is not supported by the record or the consent decree signed by the parties. The defendants unequivocally consented to the jurisdiction of this court by affirmatively entering into a consent judgment which was signed by this court on June 5, 1987. Paragraph one of the Consent Judgment provides:

> The court has jurisdiction over the subject matter of all the plaintiffs' class' claims against the defendant state officials and jurisdiction over the persons of the state defendants with respect to these claims.

The consent decree was signed on behalf of the defendants by Thomas Clausen, in his official capacity of Superintendent of the Louisiana Department of Education on behalf of the Department of Education; Elizabeth Borel, in her official capacity as Assistant Superintendent of the Louisiana Department of Education on behalf of the Department of Education; Milton Hamel, in his official capacity as President of the Louisiana State Board of Elementary and Secondary Education on behalf of the Louisiana State Board of Elementary and Secondary Education; and William Guste, Jr., Attorney General of the State of Louisiana. By participation in this consent decree, the State of Louisiana has waived its Eleventh Amendment immunity. *New York State Ass'n for Retarded Citizens v. Carey,* 596 F.2d 27, 39 (2nd Cir.1979) *cert. den.* 444 U.S. 836, 100 S.Ct. 70, 62 L.Ed.2d 46 (1979);

*Jordan v. Fusari,* 496 F.2d 646, 651 (2nd Cir.1974).

■ The court also notes that although the Eleventh Amendment bars an award of monetary damages against a state or state officials, it does not bar suits seeking only prospective injunctive relief against individual state officials. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Furthermore, plaintiffs' claim for attorneys' fees, unlike a claim for monetary damages, are prospective in nature since a fee award would reimburse plaintiff for expenses incurred in seeking prospective relief under a statute which provides for attorneys' fees as a part of costs. *See Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Fontenot v. Louisiana Board of Elementary and Secondary Education,* 835 F.2d 117, 119–20 (5th Cir.1988). Therefore, the court finds that the Eleventh Amendment does not bar an award of attorneys' fees as costs in this case.

The defendants also argue that the retroactive application of Section 2 of the HCPA is unconstitutional. Two reasons are given by the state to support this argument. Defendants first contend that since the EHA was enacted strictly pursuant to Congress' spending powers, the retroactive application of Section 2 exceed Congress' spending powers as outlined in *Pennhurst State School and Hospital v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981). Defendants also argue that the imposition of a retroactive obligation for attorneys' fees would upset the state's expectations upon entering the program.[2]

■ The court finds that defendants' reliance on *Pennhurst* is misplaced. In enacting the EHA, the Congress relied upon both its spending powers and its power to enforce the Fourteenth Amendment to the Constitution of the United States. Title 20 of the United States Code, Section 1400(b)(9) provides:

---

**2.** The present action was filed July 11, 1986. The Handicapped Children's Protection Act ("HCPA") was signed by President Reagan on August 6, 1986. After examining plaintiffs' counsel's summary of time sheets, the defendants' retroactivity argument would apply to only approximately 40 hours of time spent by plaintiffs' counsel on this case.

The Congress finds that ... it is in the national interest that the Federal Government assist State and local efforts to provide programs to meet the educational needs of handicapped children in order to assure equal protection of the law.

*See also: Smith v. Robinson,* 468 U.S. 992, 1009–1013, 104 S.Ct. 3457, 3467–3469, 82 L.Ed.2d 746 (1984); *Fontenot, supra* at p. 200; *Crawford v. Pittman,* 708 F.2d 1028, 1037 (5th Cir.1983); *Yaris v. Special School District of St. Louis County,* 661 F.Supp. 996 (E.D.Mo.1987).

Therefore, the court finds that the retroactive application of Section 2 of the EHA is constitutional.

■ Finally, the defendants argue that the court, in its discretion should deny an award of attorneys' fees because the defendants, from the initiation of this suit, vigorously attempted to negotiate a settlement in this case and were in good faith in attempting to implement an extended year program. While these arguments may go to the amount of plaintiffs' attorneys' fees award, they do not support a denial of attorneys' fees in this case. *See Ellwest Stereo Theatre, Inc. v. Jackson,* 653 F.2d 954 (5th Cir.1981).

■ Therefore, the court concludes that attorneys' fees may be awarded under the facts of this case. The court must now calculate the amount of a reasonable award. The defendants have not objected to the amount of fees requested by the plaintiffs. Therefore, the court must and does conclude that defendants agree with the amount of the fee sought by the plaintiffs in this case. Plaintiffs' counsel has submitted affidavits and time sheets indicating that 135 hours have been expended on the prosecution of this case.[3]

Plaintiffs' counsel has requested that an hourly rate of $100.00 be used to calculate the amount of attorneys' fees. Defendants have submitted no opposition to this rate. Therefore, the court finds that plaintiff is entitled to an award for 135 hours at $100.00 per hour for a total of $13,500.00.

Therefore:

IT IS ORDERED that plaintiffs' motion for attorneys' fees in the amount of $13,-500.00 be and it is hereby GRANTED.

Judgment shall be entered accordingly against the defendants in their official capacities.

---

**3.** The claimed hours include 15 hours reasonably expended in seeking attorneys' fees.