MR. D. and Mrs. D., on Behalf of their daughter CONSTANCE D., Plaintiffs,

v.

**GLOCESTER SCHOOL COMMITTEE, Defendant.**

Civ. A. No. 88–0673B.

United States District Court, D. Rhode Island.

March 28, 1989.

---

5. *Id.* at pages 30–32.

Judith Colenbach Savage, Providence, R.I., for plaintiffs.

Vincent J. Piccirilli, Cranston, R.I., for defendant.

## ORDER

FRANCIS J. BOYLE, Chief Judge.

Plaintiffs, the parents of a legally blind elementary school student who attended Chepachet Elementary School, objected to an optometric consultant who provided their daughter with special education. The optometric consultant was neither certified to teach the blind and visually impaired nor certified to teach in the State of Rhode Island. Plaintiffs requested a so-called "due process" hearing pursuant to Section IX–7.0 of the Rhode Island Regulations of the Board of Regents for Elementary and Secondary Education Governing the Special Education of Handicapped Children. In their request, Plaintiffs complained that their daughter was not receiving a free appropriate education and was denied rights and benefits to which she was entitled under the Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and other federal provisions.

After an unsuccessful attempt at mediation, Plaintiffs filed a complaint against the Glocester School District with the Office for Civil Rights of the United States Department of Education (OCR). While that matter was pending before the OCR, the Rhode Island Department of Education (RIDE) on April 14, 1988 concluded that the Glocester School Department's failure to provide Plaintiffs' daughter with a certified teacher violated the Rhode Island Board of Regents' regulations concerning the education of handicapped students. RIDE ordered the Glocester School Department to send immediately written assurances to RIDE that Plaintiffs' daughter would receive direct services from a teacher certified to teach blind and visually impaired students. On April 18, 1988 Glocester School Department contacted an itinerant teacher of visually impaired children. The teacher examined Plaintiffs' daughter on May 2, 1988 as part of a comprehensive reevaluation.

In a July 12, 1988 letter, the OCR found that the Glocester School District had violated regulations by employing an uncertified teacher to educate Plaintiffs' daughter. The OCR noted, however, that the Glocester School District had since remedied the situation. The foregoing actions

occurred before the commencement of any hearing.

Plaintiffs then initiated this suit in federal court seeking attorneys' fees under the Education of the Handicapped Act (EHA), 20 U.S.C. § 1415.[1] Section 1415(e)(4)(B) authorizes the Court, in its discretion, to award attorneys' fees in an action brought under this subsection to a parent or guardian of a handicapped child who is a prevailing party. Defendant contends that Plaintiffs are not a prevailing party because they did not prevail at any administrative hearing.

■ Defendant's argument misses the point, however. By requesting an administrative hearing and by complaining to RIDE and OCR, the Plaintiffs succeeded on a significant issue: their daughter would receive instruction from a properly certified teacher of the blind and visually impaired. *See Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978), *cited with approval in Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In the context of 42 U.S.C. § 1988 fee applications, the United States Supreme Court recently observed:

> Redress is sought *through* the court, but *from* the defendant.... If the defendant, under the pressure of the lawsuit, pays over a money claim before the judicial judgment is pronounced, the plaintiff has "prevailed" in his suit, because he has obtained the substance of what he sought. Likewise in a declaratory judgment action: if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed.

*Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987) (emphasis in original). That reasoning is instructive in this case. Indeed, courts have interpreted the term "prevailing party" in the EHA consistently with its use in other fee shifting statutes. *See, e.g., Moore v. District of Columbia,* 674 F.Supp. 901, 903–04 (D.D.C. 1987).

Under this standard, Plaintiffs are clearly prevailing parties; they obtained their major objectives. *See id.* at 903. Moreover, it would make little sense to deny Plaintiffs status as prevailing parties merely because they succeeded without the benefit of an administrative hearing. Such a rule would virtually assure insistence upon an actual hearing before disputes were resolved and unnecessarily increase the cost and burden of litigation for all involved parties.

■ Because the Plaintiffs are prevailing parties, they are entitled to recover reasonable attorneys' fees. The standard allows a party to recover attorneys' fees "for an effective and completely competitive representation but not one of supererogation." *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 953–54 (1st Cir.1984). In other words, Plaintiffs may not charge to Defendant the cost of an extraordinary legal effort. Section 1415(e)(4)(F)(iii) expressly provides that the court shall reduce the award of attorneys' fees whenever the court finds that "the time spent and legal services furnished were excessive considering the nature of the action or proceeding[.]"

In this case, Plaintiffs request an award of $19,301.95. This figure is comprised of $9,238.75 of fees for the administrative action, $9,603.20 of fees for the fee application, and $460.60 for expenses. Plaintiffs claim a larger fee for the fee application than they do for the actual services rendered with respect to the merits of the claim. The Court concludes that a substantial number of hours spent on this matter was unnecessary or excessive and awards a total of $9,260.60 in attorneys' fees.

■ Plaintiffs substantially achieved their objectives when the Glocester School

---

1. In *Smith v. Robinson,* 468 U.S. 992, 1014–16, 104 S.Ct. 3457, 3469–71, 82 L.Ed.2d 746 (1984), the United States Supreme Court held that attorneys' fees were unavailable under the EHA. Congress amended the EHA to provide specifically for attorneys' fees, reacting "swiftly, decisively, and with uncharacteristic clarity to correct what it viewed as a judicial misinterpretation of its intent." *Fontenot v. Louisiana Bd. of Elementary & Secondary Educ.,* 805 F.2d 1222, 1223 (5th Cir.1986) (discussing the Handicapped Children's Protection Act of 1986).

District employed the itinerant teacher of the visually impaired and began to integrate that certified teacher into Plaintiffs' daughter's educational program. The itinerant teacher examined Plaintiffs' daughter on May 2, 1988 as part of a comprehensive reevaluation. The Court declines to award attorneys' fees for the administrative action after that date. Thus, the total allowed hours for the administrative action is fifty-eight.

Plaintiffs request compensation at $125 per hour. A reasonable hourly rate, given that Plaintiffs' attorneys were associates at the time of the litigation, is $100. Accordingly, the attorneys' fees for the administrative portion of this matter is $5800.

■ Plaintiffs then seek $9,603.20 for over eighty hours of work done on behalf of the instant fees application. The amount sought for that work is in part explained by reference to Plaintiffs' extravagant twenty-five page, ninety-one paragraph complaint. Twenty-six pages of exhibits were also filed with the voluminous complaint. Such an exercise in expatiation compels a review of the pleading philosophy of the Federal Rules of Civil Procedure. *See Patriarca v. F.B.I.*, 639 F.Supp. 1193, 1197–98 (D.R.I.1986).

Plaintiff need only meet three requirements for a complaint: (1) a short plain statement of the jurisdictional grounds; (2) a short and plain statement of the claim showing that plaintiff is entitled to relief; and (3) a demand for judgment. Fed.R.Civ. P. 8(a). The Appendix of Forms to the Federal Rules of Civil Procedure offers examples of brief, yet sufficient, pleadings. In this case, Plaintiffs' unwieldly complaint could have been reduced to:

1. Jurisdiction is vested in this Court under 20 U.S.C. § 1415(e)(4)(A) without regard to the amount in controversy.

2. Defendant owes Plaintiffs $_____ for attorneys' fees because Plaintiffs were prevailing parties under 20 U.S.C. § 1415(e)(4)(B) in their efforts to obtain a free, appropriate education for their daughter by providing her with a certified teacher of the blind and visually impaired.

3. Wherefore Plaintiffs demand judgment against Defendant for the sum of $_____, interest, and costs.

To supplement this model complaint, Plaintiffs could have attached an affidavit, which was in any event ultimately required to be filed, describing the legal services for which payment was demanded.

Approximately thirty hours were spent on the preparation of the complaint as best as can be determined from the record. The Court finds that the complaint is not a "short and plain statement." Neither is the complaint "simple, concise, and direct" as Fed.R.Civ.P. 8(e)(1) requires. Plaintiffs contend that because of the complaint's length, the parties could stipulate to facts and court proceedings could be abbreviated. In the first place, no court proceeding involving this matter would last more than a few hours, let alone even approach thirty hours. Secondly, and most damaging to Plaintiffs' argument, the complaint apparently had no effect on the stipulation process; a substantial number of hours was also spent hammering out the stipulations despite the protracted complaint's presence.[2] Accordingly, pursuant to 20 U.S.C. § 1415(e)(4)(F)(iii), the Court concludes that the time spent on the complaint was excessive.

If the thirty hours spent on the complaint's preparation is denied, Defendants are still assessed approximately fifty hours for the fee recovery. Fifty hours expended on behalf of a fee application, however, remains excessive. *Cf. Gray v. Romeo*, 709 F.Supp. 325, 327 (D.R.I.1989) (twenty-two hours on behalf of fee application). The only major issue Plaintiffs needed to research was whether they were prevailing parties.[3] Furthermore, the relevant facts

---

**2.** Plaintiffs' attorneys worked on the stipulation of facts on at least six different days. According to Plaintiffs' time submissions, their attorneys devoted approximately twenty-six hours on those days to this case. Although other matters were also attended to during that period, it is clear that the attorneys spent numerous hours preparing the stipulations.

**3.** Plaintiffs did not research, nor did they have to, whether a multiplier of the lodestar figure

were undisputed. Thirty hours, at the most, should have sufficed. *Cf. Jacobs v. Mancuso,* 825 F.2d 559, 563 (1st Cir.1987) (reducing fifty-one hour assessment to thirty hours).

 Finally, Plaintiffs seek costs and expenses that include filing fees, telephone, postage, photocopying, travel, and computer research charges. A court may award a prevailing party's attorney reasonable and necessary costs and expenses. *See Palmigiano v. Garrahy,* 707 F.2d 636, 637 (1st Cir.1983). The Court grants the request for costs and expenses totaling $460.60, thus bringing the entire award to $9,260.60.

ORDERED, that Defendant pay Plaintiffs $9,260.60 in attorneys' fees.

SO ORDERED.

was appropriate. 20 U.S.C. § 1415(e)(4)(C) specifically states that "[n]o bonus or multiplier may be used in calculating the fees awarded under this subsection."