**E.P., by his Guardian Ad Litem P.Q., Plaintiffs,**

v.

**UNION COUNTY REGIONAL HIGH SCHOOL DISTRICT NO. 1, Defendant.**

**Civ. A. No. 89–1671.**

United States District Court, D. New Jersey.

Dec. 11, 1989.

As Amended Aug. 22, 1990.

Theodore A. Sussan, Spotswood, N.J., for plaintiffs.

Franz J. Skok, Johnstone, Skok, Loughlin & Lane, P.C., Westfield, N.J., for defendant.

## OPINION

WOLIN, District Judge.

Before the Court plaintiff moves for summary judgment on his cause of action for an award of reasonable attorney fees and costs pursuant to 20 U.S.C. § 1415(e)(4). Defendant opposes this motion on the grounds that plaintiff; (1) cannot bring a separate action for attorney fees for work done prior to an administrative determination under the Education for all Handicapped Children Act ("EHA") and the Handicapped Children's Protection Act of 1986 ("HCPA"); (2) is not a "prevailing party" as defined by those statutes; and (3) is collaterally estopped from bringing an action for attorney fees since the settlement agreement which ended the original dispute did not contain a provision addressing attorney fees. After having considered the briefs and affidavits submitted by the parties, for the reasons stated below, the

Court finds that the underlying facts of this action are not in dispute and that plaintiffs are entitled to a judgment as a matter of law. Therefore, the Court will grant summary judgment to the plaintiffs and award reasonable attorney fees and costs in the amount of $3346.00.

## I. BACKGROUND

The facts stated below are undisputed unless otherwise identified. Plaintiff P.Q., is the parent and Guardian Ad Litem of plaintiff E.P., classified as an emotionally disturbed child ("plaintiffs"). For the 1988–1989 school year E.P. was enrolled in a shared-time program at the David Brearley Regional High School ("Brearley") and the Union County Vocational Technical School ("Tech") pursuant to his Individualized Education Program ("IEP"). He went to Brearley in the morning where he attended a self-contained class for history and mainstreamed in the balance of his subjects. He went to Tech in the afternoons where he concentrated on courses in diesel mechanics. In the fall of 1988 E.P. was involved in several incidents which resulted in the principal of Brearley indefinitely suspending E.P. from school as of November 4, 1988. The plaintiffs retained an attorney on November 8, 1988 in order to have E.P. readmitted to the shared-time program.

Thereafter, plaintiffs made an application for emergency relief pursuant to N.J.A.C. 1:6A–3.1 seeking to have E.P. readmitted to his shared-time program and seeking any other appropriate relief. The last paragraph of plaintiffs' application specifically stated that "all parties should be put on notice that at the appropriate time and in the appropriate forum attorney's fees shall be sought in accordance with 20 U.S.C. 1415(e)(4)." Letter to Dr. Osowski, dated November 8, 1988, page 2. A hearing was scheduled for November 17, 1988 at the Office of Administrative Law in Newark, New Jersey, in front of Administrative Law Judge Christopher Dietz.

Prior to the hearing, the ALJ met with the parties and counsel in chambers and facilitated the reaching of a settlement between plaintiffs and the school authorities. The settlement provided that E.P. would be admitted to a shared-time program at Tech and a different high school within the same school district as Brearley. Provision was made for continued and more intensive therapy among the family members. Also, an independent evaluation of E.P.'s classification, program and placement was ordered. The ALJ placed the terms of the settlement on the record and specifically found that the settlement had "been reached voluntarily, [was] fully dispositive of all issues in controversy and [was] consistent with the law in accordance with *N.J.A.C.* 1:1–19.1." Decision Approving Settlement and Order for Emergency Relief, dated November 17, 1988 ("Order of ALJ"). Plaintiffs instituted the instant action in federal court solely for the purpose of recovering attorney fees and costs incurred in connection with the settlement, the administrative hearing and the instant action. Subsequently, plaintiffs have moved for summary judgment claiming that because they are "prevailing parties" within the meaning of the EHA, they are entitled to attorney fees and costs.

## II. DISCUSSION

Summary judgment must be granted if "there is no genuine issue as to any material fact" and the "moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." All reasonable inferences must be made in favor of the non-moving party during this determination. Summary judgment will be granted if no reasonable trier of fact could find for the non-moving party. *Id.*

As noted above, there is no dispute between the parties as to the underlying facts in this case. E.P. was suspended indefinitely. Plaintiffs retained an attorney and

instituted administrative action to have E.P. re-admitted to his prior program. Just prior to the commencement of the administrative hearing the parties settled the action according to the terms placed on the record by the ALJ. On the basis of this set of undisputed facts, plaintiffs claim that they are entitled to attorney fees and costs pursuant to 20 U.S.C. § 1415(e)(4). On these same facts, defendant disputes that claim. Defendant opposes this motion for summary judgment stating that plaintiffs cannot bring a separate action for attorney fees for work done prior to an administrative determination, are not prevailing parties, and are collaterally estopped from bringing this action since the settlement agreement which ended the original dispute did not contain a provision addressing attorney fees.

### A. Attorney Fees for Work at the Administrative Level

■ The Education for all Handicapped Children Act, 20 U.S.C. §§ 1400 *et seq.*, was originally enacted in 1975. Its goal was to ensure that handicapped children would have access to public education by providing federal money to state and local education agencies. The original act did not provide for attorney fees. Consequently, the Supreme Court held that attorney fees were not available to those plaintiffs who prevailed at the administrative level and brought an independent action for fees under the EHA. *Smith v. Robinson*, 468 U.S. 992, 1020, 104 S.Ct. 3457, 3473, 82 L.Ed.2d 746 (1984). In 1986, Congress amended the EHA by enacting the Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. §§ 1415(e)(4)–1415(f),

the relevant portion of which reads as follows:

> In any action or proceeding brought under this subsection [§ 1415(e)], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). The language of the statute implies that the HCPA was enacted by Congress to "reverse[] the outcome mandated by *Smith* for plaintiffs asserting claims to enforce rights that attach under the EHA." *Yaris v. Special School District of St. Louis County*, 661 F.Supp. 996, 998 (E.D.Mo.1987) (quoting *Fontenot v. Louisiana Board of Elementary and Secondary Education*, 805 F.2d 1222, 1225 (5th Cir.1986)).

This Court has dealt with this issue of statutory construction before[1] and has joined numerous other sister courts of coordinate jurisdiction in holding that the plain language of section 1415(e)(4)(B) unambiguously "leaves to the case-by-case discretion of the federal district courts the decision whether or not to award attorneys' fees in actions brought to enforce the provisions of the EHA." *Mathern v. Campbell County Children's Center*, 674 F.Supp. 816, 818 (D.Wyo.1987); *Accord, Burpee v. Manchester School District*, 661 F.Supp. 731, 732 (D.N.H.1987) ("amendatory provisions of HCPA make clear ... the court in its discretion may award attorney fees for success at either the administrative or the judicial level[]"); *W.L., by his Guardian Ad Litem v. Westwood Regional Bd. of Ed.*, No. 89–112 (D.N.J. May 30, 1989) (Debevoise, J.).[2]

---

**1.** This Court held in *Chang v. Bd. of Ed. of Glen Ridge Tp.*, 685 F.Supp. 96 (D.N.J.1988) (Wolin, J.) that parents could bring a separate suit for attorney and expert witness fees under § 1415(e)(4).

**2.** Although section 1415(e)(4)(B) provides for the award of attorney's fees to prevailing parents or guardians in any "action or proceeding" brought under that section (*i.e.*, section 1415(e)), nowhere are the terms "action or proceeding" defined in the HCPA. However, section 1415(e)(4)(D), which limits the award of attorney's fees where settlement offers are

made, specifically addresses the issue of the timing of a settlement offer within the contexts of both civil actions and administrative proceedings. The statute states, in pertinent part, "or, in the case of an administrative proceeding...." Section 1415(e)(4)(D)(i). Thus this Court finds persuasive the conclusion that "section 1415(e)(4)(B) appears to encompass administrative hearings within the terms 'actions or proceedings.'" *Kristi v. Graham Independent School District*, 663 F.Supp. 86, 88 (N.D.Tex. 1987).

Not every court has concluded its analysis of the HCPA with a review of the statutory language. *See, e.g., Prescott v. Palos Verdes Peninsula Unified School District,* 659 F.Supp. 921, 923 (C.D.Cal. 1987) ("statutory language of section 1415 is not conclusive as to whether a parent or guardian may recover attorney's fees incurred solely from an administrative hearing[ ]"). *See also Unified School District No. 259 v. Newton,* 673 F.Supp. 418, 420–21 (D.Kan.1987) (finding an *implication* of entitlement to attorney fees based on structure of HCPA). These courts have analyzed the legislative history of the HCPA, and have held that the intent of Congress was to provide for the availability of attorney fees for work done solely at the administrative level. *E.g., Newton,* 673 F.Supp. at 422; *Prescott,* 659 F.Supp. at 875.[3] Defendant cites that one case, *Rollison v. Biggs,* 660 F.Supp. 875 (D.Del.1987), for the proposition that plaintiffs can not bring a civil action for the sole purpose of recovering attorney fees under the EHA. Defendant's brief ignores and fails to respond to the reasoning and rationale of the caselaw discussed above which disagrees with the *Rollison* court's holding. This Court does not find the rationale or the holding of the *Rollison* case to be persuasive and declines to follow it here. *See also Chang,* 685 F.Supp. at 98 n. 3. After a complete analysis of the statutory language, the legislative history and the relevant caselaw the Court holds as a matter of law that 20 U.S.C. § 1415(e)(4)(B) allows parties to bring an independent action in federal court for attorney fees for work done at the administrative level.

### B. *Prevailing Parties*

█ Defendant also opposes the grant of summary judgment to plaintiff on the ground that the undisputed facts of this action do not support the finding that plaintiffs are "prevailing parties" as required by 20 U.S.C. § 1415(e)(4)(B). Defendant contends that because the parties entered into a settlement agreement before the formal hearing in front of the Administrative Law Judge plaintiffs are deprived of the status of a prevailing party. However, this contention does not conform to the legal standard, which defendant cites in his brief, that a prevailing party must "succeed on any significant issue in litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 [76 L.Ed.2d 40] (1983). (Quoting *Nadeau v. Helgamoe [Helgemoe],* 581 F.2d 275, 278–79 (1st Cir.1978)." Defendant's Brief, p. 1. As the defendant notes, even the *Rollison* court reasoned that a party prevailed if that party "succeed[ed] on any significant issue in the proceedings that achieved some of the benefit plaintiff[ ] sought from administrative review." *Rollison,* 660 F.Supp. at 877. *See* Def. Brief, p. 2.

Applying this standard to the facts of the instant case, it is apparent that plaintiffs have prevailed. Plaintiffs sought first, and foremost, to have E.P. re-admitted to a shared-time program in compliance with his IEP and to have the home instruction terminated. Letter to Dr. J. Osowski, dated November 8, 1988. At that time plaintiffs requested any other additional, appropriate relief and put defendant on notice that "at the appropriate time and in the appropriate forum attorney's fees shall be sought in accordance with 20 U.S.C. § 1415(e)(4)." *Id.* The terms of the settlement which the ALJ approved ordered defendant to re-admit E.P. to a shared-time program at a different local high school and the same vocational high school which E.P. had attended. The order also provided other re-

---

**3.** The lone case which has held that plaintiffs may not *institute an independent action* for attorney's fees for work performed at the administrative level, *Rollison v. Biggs,* 660 F.Supp. 875 (D.Del.1987), is premised on the assumption that "Congress intended that the HCPA be construed consistent with other fee shifting statutes[.]" *Id.* at 877 (citing S.Rep. No. 112, 99th Cong. 1st Sess. 14 (1985) *and* H.R.Rep. No. 296, 99th Cong. 1st Sess. 5 (1985) (*reprinted in* U.S.

Code Cong. & Admin.News 1986 pp. 1798, 1804). However, the significance of the *Rollison* decision was minimized in *Newton, supra:*

> The three references to consistent interpretation among fee statutes cited by the *Rollison* court are simply insufficient in scope, detail or context to vitiate the import of the multitude of other passages discussing attorneys' fees at the administrative level.

673 F.Supp. at 423.

lief which would ensure the appropriateness of and the compliance with the IEP.

Defendant appears to be under the impression that because this matter was resolved with a settlement agreement reached prior to an adversarial hearing plaintiffs cannot be said to have "prevailed." Such a narrow reading of the statutory language is unwarranted and unsupported by caselaw. In the context of discussing the meaning of "prevailing party" for the purposes of 42 U.S.C. § 1988 the United States Supreme Court has stated that "[t]he fact that [plaintiffs] prevailed through a settlement rather than through litigation does not weaken [their] claim to fees." *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). Discussing the meaning of "prevailing party" in the context of other statutes, the Third Circuit has stated that the participation of the attorney "need not be the sole cause, so long as it is a material factor in prompting defendant to afford relief." *Disabled in Action of Penn. v. Pierce*, 789 F.2d 1016, 1019 (3d Cir.1986); *See also, Barbara R. v. Tirozzi*, 665 F.Supp. 141 (D.Conn.1987) (attorney fees awarded under 20 U.S.C. § 1415(e)(4) where party "prevailed" in a consent decree). The Court finds that plaintiffs in the present action succeeded in obtaining most of the relief that they requested and that the involvement of plaintiffs' attorney was a material factor in prompting defendant to settle. Although the order which provided that relief was produced after the ALJ conducted several hours of a settlement conference, rather than a formal, courtroom hearing, the plaintiffs were prevailing parties under the statute.

## C. *Collateral Estoppel by the Settlement Agreement*

▮ Finally, defendant contends that the plaintiffs are collaterally estopped by the settlement agreement from bringing this action for attorney fees because the agreement was "fully dispositive of all issues in controversy" and attorney fees were not part of that agreement. *See* Order of ALJ. Again, defendant correctly states the standard which must be applied

to the situation, but fails to correctly apply it to the facts before the Court. Four elements must be established in order to invoke the doctrine of collateral estoppel. First, the issue sought to be estopped must be identical to the issue in the prior action. Second, the issue must have been actually litigated. Third, the issue must have been decided by a valid, final judgment. Fourth, the determination of that issue must have been essential to the prior judgment. *See McLendon v. Continental Group, Inc.*, 660 F.Supp. 1553, 1560 (D.N.J.1987).

In this action, the undisputed facts do not support the finding that any of the above four elements have been shown to exist. Defendant states in a conclusory fashion that the issue of attorney fees was actually litigated, decided and essential to the decision in the administrative proceeding. However, defendant does not allege any facts which could lead this Court to those conclusions. Defendant, through John Christiano, the Director of Special Services, alleges that the subject of attorney fees came up in the settlement discussions at some point and that plaintiffs' attorney stated that because the plaintiffs were personal friends he would not charge them his usual hourly rate. Affidavit of John Christiano, ¶ 13.

Plaintiffs' attorney does not dispute this statement in his affidavit to this Court. *See* Affidavit of Theodore A. Sussan, Esq., dated July 18, 1989. However, He does state that:

> I never at any time directly or indirectly suggested to Mr. Christiano or anyone, that I would waive any fees or costs. In fact, my initial request for Due Process specifically indicated that I would request fees and costs at the appropriate time and in the appropriate forum. Plaintiffs were not entitled to fee reimbursement until they had achieved some substantial success.

*Id.* at ¶ 2. Defendant does not dispute that plaintiffs' request for a Due Process hearing was accompanied by the notice that fees would be requested when appropriate under 20 U.S.C. § 1415(e). It is apparent that both parties knew that the issue of

attorney fees would be discussed at an appropriate time. The only conclusion the Court can draw from the failure to include a provision concerning attorney fees in the order of the ALJ is that neither party believed the appropriate time for that discussion had yet occurred. Nothing in the facts before the Court suggests that the issue of attorney fees was litigated (or even thoroughly discussed at the settlement conference), decided by the settlement agreement between the parties, or necessary to the order entered by the ALJ. Therefore, the doctrine of collateral estoppel does not apply to the issue of attorney fees and costs in this action.

**D.** *Calculation of the Attorney Fee Award*

�en In the Affidavit of Services of Theodore A. Sussan, Esq., dated June 14, 1989, plaintiffs' attorney details the fees and costs expended preparing for the prior administrative hearing and for the instant action. The Affidavit of Theodore A. Sussan, Esq., dated July 18, 1989, lists two additional services that were performed on plaintiffs' behalf. Defendant has not objected to the amount of time spent, or the amount of fees requested by plaintiffs' attorney. Based on the representations of Mr. Sussan's expertise this Court finds the time spent on this matter and the fees charged for the representation in this matter to be reasonable. Therefore, the Court will award the full amount of fees and costs requested by plaintiffs, less the amount anticipated for appearing before this Court as this matter was decided on the submissions of the parties pursuant to Fed.R.Civ.P. 78. Therefore, judgment will be awarded in the amount of $ 3,346.00.

### III. CONCLUSION

For the reasons stated above, the Court holds that there are no disputed issues of fact for trial and that plaintiffs are entitled to judgment as a matter of law. Therefore, the Court will grant plaintiffs' motion for summary judgment and enter judgment for plaintiffs, E.P. and P.Q., and against defendant, Board of Education for Union County Regional High School District No.

1, in the amount of $3346.00 as attorney fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B).