Nicholas A. **PALMIGIANO**, et al., Plaintiffs, Appellees,

v.

J. Joseph **GARRAHY**, et al., Defendants, Appellants.

No. 82–1823.

United States Court of Appeals, First Circuit.

Argued May 5, 1983.
Decided May 23, 1983.

William M. Walsh, Sp. Asst. Atty. Gen., with whom Dennis J. Roberts II, Atty. Gen., Providence, R.I., was on brief, for defendants, appellants.

Alvin J. Bronstein, Washington, D.C., for plaintiffs, appellees.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and RE,* Judge.

PER CURIAM.

The plaintiffs, representing a class of prisoners and pretrial detainees, brought suit under 42 U.S.C. § 1983, alleging that the conditions of confinement in the Rhode Island prison system violated the eighth and fourteenth amendments. After a lengthy trial, and a ruling in the plaintiffs' favor on the merits, the United States District Court for the District of Rhode Island awarded attorneys' fees to the plaintiffs pursuant to 42 U.S.C. § 1988. The court included in its award of fees not only hourly based compensation and certain trial costs, but also certain out-of-pocket costs incurred by the plaintiffs' attorneys, including transportation, lodging, parking, food and telephone expenses. Agreeing that all amounts awarded were reasonable, but claiming that the statute does not authorize reimbursement for these out-of-pocket expenses, the defendants have appealed from the award. We affirm.

The defendants point to the language of the statute, which authorizes the district court, in its discretion, to "allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The defendants argue that this language limits an award to "fees," the attorneys' hourly compensation, and "costs," a term not explicitly defined in the statute. The defendants argue that the word "costs" should be defined by reference to another statute, 28 U.S.C. § 1920, which lists the fees that may be taxed as costs against a losing party. Because section 1920 nowhere lists an attorney's out-of-pocket expenses as taxable costs, the defendants argue, the term "costs" in 42 U.S.C. § 1988 should similarly be interpreted to exclude travel expenses and the like.

Whatever merit this argument may have in the abstract, it runs counter to unanimous federal circuit court authority that the attorneys' reasonable and necessary costs and expenses may be awarded to a prevailing party pursuant to 42 U.S.C. § 1988. *See Dowdell v. City of Apopka,* 698 F.2d 1181, 1188–92 (11th Cir.1983) (expressly rejecting argument that 28 U.S.C. § 1920 should be read into 42 U.S.C. § 1988 to preclude award of travel, telephone and postage expenses); *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.1981) (en banc) (remanding for award of attorneys' fees to include expert witness fees not normally compensable as costs); *Norcross v. Board of Education,* 611 F.2d 624, 639 (6th Cir.1979) (reversing and remanding for an award of fees to include expert witness fees and counsels' travel expenses). *See also Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240, 1244 (9th Cir.1982) (affirming award of out-of-pocket expenses under attorneys' fees provision of Title VII); *Wheeler v. Durham City Board of Education,* 585 F.2d 618, 623–24 (4th Cir.1978) (remanding for an award of out-of-pocket costs as fees under 20 U.S.C. § 1617 and expressing view that same result would obtain under 42 U.S.C. § 1988). Given the policy considerations underlying section 1988 and the legislative history, we agree with the other circuits that reimbursement of reasonable and necessary attorneys' expenses such as those involved here is allowable under the statute. We note that the out-of-state attorneys in question, who were associated with a public interest firm specializing in prison matters, had unique competence in the subject matter of this litigation. They brought to the case experience and resources not easily duplicated locally. This is not a case involving unreasonable or uncalled for use of distant lawyers. *Cf. Maceira v. Pagan,* 698 F.2d 38, 40–41 (1st Cir.1983) (affirming award of higher hourly compensation for out-of-town attorney with specialized expertise in the subject matter of the claim).

*Affirmed.*

---

* Of the United States Court of International Trade, sitting by designation.