944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STEELWORKERS OF AMERICA, LOCAL 4776, International
Association of Machinists and Aerospace Workers, Lodge No.
1357, International Brotherhood of Electrical Workers, Local
523, United Association of Journeymen and Apprentices of the
Plumbing and Pipefitting Industry, Local 741, International
Union of Operating Engineers, Local 428, United
Transportation Union, Local 807, Ronald Rhoads, William
Hunter, William Puffer, et al., Plaintiffs-Appellants,
v.
PHELPS DODGE CORPORATION, et al., Defendants-Appellees.
 No. 90-16298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Decided Sept. 11, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 United Steelworkers appeals, for a second time, the district court's award of 42 U.S.C. § 1988 attorneys' fees for their successful civil rights action. In United Steelworkers v. Phelps Dodge, 896 F.2d 403 (9th Cir.1990), we reversed and remanded the district court's original award because the manner in which the award was determined had not been specified adequately. On remand, the district ordered Pima County to pay United Steelworkers $137,883.50 for attorneys' fees and $8,230.98 for out-of-pocket expenses. We reverse the judgment and enter the proper award.
 
 
 3
 The district court's determination of the amount of attorneys' fees awarded pursuant to section 1988 is reviewed for an abuse of discretion. Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987).
 
 
 4
 The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, is designed "to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting H.R.Rep. No. 94-1558, p. 1 (1976)). It provides that a prevailing plaintiff may recoup a "reasonable attorney's fee" incurred to vindicate a civil rights violation.
 
 
 5
 Although the record supports the district court's conclusion that United Steelworkers overstaffed and overbilled this case, it abused its discretion in the process selected to reduce the requested fee award. The Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. So that resolution of this matter is not further protracted, we do not remand, but instead enter the appropriate award.
 
 A. Attorneys' Fees
 1. Combined entries
 
 6
 The district court disallowed all entries which combined distinct activities without breakdown, noting that such entries made it difficult to determine the amount of time allocated to compensable tasks. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. Although the district court could properly reduce compensable hours based on United Steelworkers' inadequate accounting, it was an abuse of discretion to preclude recovery for all combined entries. Several combined entries concern only compensable tasks. The district court should have discounted such entries by a factor calculated to account for both the proportion of non-compensable tasks subsumed in the combined entries and the number of "unreasonable" hours spent on compensable tasks. Taking into consideration the district court's concerns, we reduce the combined entries by 60 percent. McCrory had 1,175.3 hours of combined time, 470.12 of which are compensable after reduction. Teachnor had 301.6 hours of combined time, 120.64 of which are compensable after reduction. Because all of Pollock's combined entries involved compensable tasks and were reasonable, we do not reduce his time.
 
 2. Review entries
 
 7
 The district court disapproved of the "many entries which use the term 'review.' " The final number of hours permitted by the district court suggests that all entries containing the term "review" were disallowed. This was an abuse of discretion. Case management and the review of accumulated documents are necessary components of litigation. Because the district court did not err in concluding that United Steelworkers spent an unreasonable amount of time reviewing aspects of the case, a reduction is appropriate. Review time is reduced 50 percent. McCrory had 308.25 hours of review time, 154.625 of which is compensable after reduction. Teachnor had 138.15 hours of review time, of which 69.075 hours are compensable after reduction. Because all of Pollock's review time was reasonable, we make no reduction.
 
 3. Newspaper summaries
 
 8
 The district court did not abuse its discretion in disallowing the time spent by law clerks to summarize newspaper articles.
 
 4. Pretrial order
 
 9
 The district court determined that, rather than the 290.75 hours documented, 40 hours was a more than reasonable amount of time to prepare the pretrial order for this case. The district court adequately considered the Kerr factors, and the determination was not an abuse of discretion. "The district court is in a better position than [the circuit court] to evaluate the amount of work reasonably necessary to prepare and try [a] case." Harmon v. San Diego County, 736 F.2d 1329, 1331 (9th Cir.1984) (finding no abuse of discretion in district court determination that only 200 hours, rather than the 454.2 hours requested, was reasonable).
 
 5. Verdict
 
 10
 The district court was within its discretion in disallowing time for Pollock and Teachnor to accompany McCrory to receive the verdict.
 
 6. Deposition summaries
 
 11
 The district court was within its discretion in determining that the time spent by Teachnor summarizing depositions was appropriately billed at a law clerk rate. However, the district court never included the amount in its final award. Teachnor spent 106.1 hours summarizing depositions. This time is compensable at a rate of $15 an hour.
 
 7. Witness interviews
 
 12
 The district court allowed only time spent by McCrory to interview witnesses during the trial. Although McCrory does not specify time spent for interviewing witnesses, the district court apparently concluded that the time was incorporated in McCrory's general billing for trial and trial preparation. The district court did not abuse its discretion in disallowing the time spent by Teachnor to interview witnesses. Teachnor did not enter separate hours for witness interviews. All of Teachnor's combined entries pertaining to trial observation or meetings with witnesses during trial have been disallowed.
 
 8. Mock trial
 
 13
 In the initial appeal, we stated that there was "no reason why [the hours spent on the mock trial] cannot be included in a fee award as long as the number of hours spent was reasonable." United Steelworkers, 896 F.2d at 407. On remand, the district court concluded that a mock trial was unwarranted "for this kind of a case." It was within the discretion of the district court to determine that such expenses were unreasonable given the nature of this litigation. C.f Charles v. Daley, 846 F.2d 1057, 1076-77 (7th Cir.1988) (finding expenses for mock trial to be excessive), cert denied, 492 U.S. 905 (1989).
 
 9. Pretrial conferences
 
 14
 The district court concluded that this case could properly have been handled by one attorney with the assistance of a paralegal. It was within the district court's discretion to determine that it was reasonable only to compensate one lawyer for attending pretrial conferences and hearings.
 
 10. Trial
 
 15
 After reducing trial time by earlier disallowances, the district court reduced the remaining trial time by half. The district court was within its discretion in determining that the time spent was excessive. McCrory had 303.25 hours of trial time, 151.625 hours of which are compensable after reduction. Teachnor is not compensated for trial time. Pollock had 100.5 hours of trial time, of which 50.25 hours are compensable after reduction.
 
 11. Law clerks
 
 16
 The district court stated that it permitted all charges for the law clerks, except those disallowed for summarizing newspaper articles, but failed to include such charges in the final award. United Steelworkers requested $20,309.25 compensation for clerk work. The 32.6 hours attributable to newspaper summarizing are disallowed. $19,820.25 is awarded for law clerk work.
 
 B. Out-of-pocket expenses
 1. McCrory's travel expenses
 
 17
 The district court disallowed travel expenses for McCrory to travel between Maryland and Arizona to litigate this case. Although travel expenses are reimbursable where an out-of-state attorney brings to a case resources that are not available locally, Palmigiano v. Garrahy, 707 F.2d 636 (1st Cir.1983), the district court concluded that the union could have been ably represented by available local attorneys. This finding was not clearly erroneous. The district court did not abuse its discretion in disallowing the travel expenses.
 
 2. Mock trial
 
 18
 The district court concluded that expenses for a mock trial were not warranted in this case. The disallowance of such expenses was not an abuse of discretion.
 
 3. Phone expenses
 
 19
 The district court reduced the requested phone expenses by half because the calls were not itemized and there was no basis on which to determine the reasonableness of the charges. This was not an abuse of discretion.
 
 4. Non-trial expenses
 
 20
 The district court disallowed 50% of the out-of-pocket expenses incurred prior to trial because such expenses were "incurred as to all defendants." The district court apparently determined that half of these pretrial expenses were allocated appropriately to the unsuccessful attempt to establish a conspiracy involving the defendants dismissed on summary judgment. The Supreme Court noted that "there is no precise rule or formula for making ... [a] determination" as to the proper award when a plaintiff has not prevailed on all claims. Hensley, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id. at 436-37. The district court did not abuse its discretion in reducing the out-of-pocket expenses.
 
 The following awards are allowed:
 
 21
 McCrory
Fully compensable hours 308. 25
Reduced review hours 154. 625
Reduced combined hours 470. 12
Reduced trial hours 151. 625
Reduced pretrial order hours 40. 00
 --------------
Total compensable hours 1,124. 62
Total compensation at $130/hour $146,200. 60
Teachnor
Fully compensable hours 175. 15
Reduced review hours 69. 075
Reduced combined hours 120. 64
 --------------
Total compensable hours 360. 865
Total compensation at $100/hour $36,086. 50
Deposition summary hours 106. 1
Deposition compensation at $15/hour $1,591. 50
Total compensation $37,678. 00
Pollock
Fully compensable hours 74. 00
Reduced trial hours 50. 25
Total compensable hours 124. 25
Total compensation at $150/hour $18,637. 50
Law Clerks
Total compensable law clerk hours 1321. 35
Total compensation at $15/hour $19,820. 25
Total Attorneys' Fees $222,336. 35
 
 
 22
 Because the district court did not err in calculating the appropriate award for out-of-pocket expenses, we affirm the award of $8,230.98.
 
 
 23
 Judgment is ordered in favor of the plaintiffs and against the defendants in the sum of $222,336.35 as attorneys' fees and $8,230.98 as out-of-pocket expenses.
 
 
 24
 AFFIRMED in part; REVERSED in part. Each party shall bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3