**Legault v. ARusso**                    **CV-93-365-B    03/29/96**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Michelle Legault

                                        R.I. Civil No. 93-CB-243-P
    v.                                  N.H. Civil No. 93-365-B

Ralph aRusso, et al.


**O R D E R**

I signed a consent order on April 5, 1995, awarding Michelle Legault judgment against the Town of Johnston on her claims alleging violations of 42 U.S.C.A. § 2000e et seq. (Title VII), 42 U.S.C.A. § 1983, R.I. Gen. Laws § 22-5-1 et seq., and R.I. Gen. Laws § 42-112-1 et seq.  Accordingly, the Town does not dispute Legault's claim that she is entitled to recover reasonable attorneys' fees as a prevailing party under 42 U.S.C.A. §§ 2000e-5(k), 42 U.S.C.A. § 1988, and R.I. Gen. Laws. § 42-112-2.  On December 30, 1995, I issued an order sanctioning defendants Ralph aRusso and Alan Zambarano, and their counsel, Thomas DiLuglio, pursuant to Federal Rules of Civil Procedure 11 and 26(g) and directing them to "each personally reimburse Legault for one-third of the reasonable attorneys' fees she incurred as a result of the misconduct described in [the] memorandum and order."  In this order, I evaluate Legault's fee

petition and apportion the fees among the Town and defendants Zambarano, aRusso, and DiLuglio.

## I.  STANDARD OF REVIEW

The determination of a fee award is largely within the court's discretion.  Tennessee Gas Pipeline v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994); Brewster v. Dukakis, 3 F.3d 488, 492 (1st Cir. 1993); United States v. Metropolitan Dist. Comm'n., 847 F.2d 12, 16 (1st Cir. 1988).  To determine whether plaintiff's fee request is reasonable, I multiply the total number of hours productively spent working on the successful claims by a reasonable hourly rate and then use this amount as a "lodestar" in determining the actual award.  Phetosomphone v. Allison Reed Group, 984 F.2d 4, 6 (1st Cir. 1993) (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992); Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518 526 (1st Cir. 1991).  To determine hours, I begin with the total billable time suggested by plaintiff, then, using my discretion, I subtract any time which was "unproductive, excessive, or duplicative." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984).  In doing so, I must be skeptical of the use of two or more lawyers where one

would do.  Lipsett, 975 F.2d at 938.[1]

The reasonable hourly rate is the market rate for similar worked performed by an attorney of similar skill, experience, and reputation in the same community.  Bordanaro v. McLeod, 871 F.2d 1151, 1168 (1st Cir.) (citing Blum v. Stevenson, 104 S.Ct. 1541, 1547 n.11 (1984)), cert. denied, 493 U.S. 820 (1989).  The party requesting fees must provide evidence of the market rate other than the attorneys' affidavits, and I must make a finding as to the market rate.  See Bordanaro, 871 F.2d at 1168.

Although the lodestar amount is presumed reasonable, I may adjust it depending on particular circumstances, such as the degree of success of the prevailing party.  Pearson v. Fair, 980 F.2d 37, 46 (1st Cir. 1992); Lipsett, 975 F.2d at 937.  I may also include as "attorneys' fees" other reasonable out-of-pocket expenses, necessary to the litigation, which an attorney would normally charge to a client.  Mennor v. Fort Hood Nat. Bank, 829 F.2d 553, 556 (5th Cir. 1987) (collecting cases supporting proposition that § 2000e-5(k) allows recovery of reasonable

---

[1] Although Legault bases her fee request on three different statutes, the parties do not contend that different standards apply under each statute.  Nor do they contend that Legault's fees are separable, so that I could perform a separate calculation for each.  Therefore, I apply the same general principles to determine how much to award Legault under all three statutes.

costs); <u>Palmigiano v. Garrahy</u>, 707 F.2d 636, 637 (1st Cir. 1983) (in § 1983 action, district court properly awarded reimbursement for attorneys' lodging, parking, food, and telephone expenses pursuant to § 1988). Computer-assisted research, for example, may be a reasonable out-of-pocket expense. <u>See, e.g.</u>, <u>Anne Dailey v. Societe Generale</u>, No. 94 Civ. 1649, 1996 WL 71320, *15 (S.D.N.Y. Feb. 14, 1996); <u>David C. v. Leavitt</u>, 900 F.Supp. 1547, 1565 (D.Utah 1995). <u>But see</u> <u>Leftwich v. Harris-Stowe State College</u>, 702 F.2d 686, 695 (8th Cir. 1983) (cost of computer-assisted research must be included in attorneys' hourly rate). I may also award fees for expert witnesses under 42 U.S.C.A. 2000e-5(k), but not under § 1988, which allows recovery of expert fees only for proceedings to enforce §§ 1981 and 1981a, not § 1983.

Plaintiff also asks for costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. §§ 1920. Section 1920 defines the costs which may be awarded under Rule 54. <u>In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire</u>, 994 F.2d 956, 962 (1st Cir. 1993). The general language of §§ 1988 and 2000e-5(k) may not be used to intrude upon the area of costs explicitly governed by § 1920; expenses explicitly prohibited by § 1920 cannot be awarded as out-of-pocket expenses or attorneys' fees; expenses awarded under § 1920 cannot be reduced by resort to

4

caselaw developed under §§ 1988 and 2000e-5(k).  See West Virginia Univ. Hosps. Inc. v. Casey, 499 U.S. 83, 86 (1991); Phetosomphone, 984 F.2d at 9 n.6 ("[s]ection 2000e-5(k) does not alter the standard by which the court awards costs that are not attorneys' fees pursuant to Rule 54(d)," (internal quotations omitted)).  With these standards in mind, I first turn to the merits of Legault's fee petition.  I then address her request for expenses and apportion the approved fees among the Town and the sanctioned parties.

## II.  LEGAULT'S FEE PETITION

Defendants have offered only nonspecific and poorly supported objections to Legault's fee petition.  Relying solely on these objections, it is unlikely that any significant reduction to the requested fees would be warranted.  However, when public funds are at stake, I have a duty to critically review fee petitions, even if the target of the petition mounts "no meaningful opposition."  Foley v. City of Lowell, Mass., 948 F.2d 10, 19 (1st Cir. 1991).  I begin this review by first addressing defendants' claim that the requested rate of $175 per hour is unreasonable.  I then examine the reasonableness of the hours charged by dividing the charges into the following

categories: (1) complaint preparation and pre-complaint settlement efforts; (2) charges associated with Legault's request for a preliminary injunction; (3) discovery charges; (4) charges associated with Legault's sanctions motion; (5) charges for other motions, pleadings, and hearings; (6) charges related to post-complaint settlement efforts; (7) fee petition charges; (8) other miscellaneous charges; and (9) travel charges.[2] The results of this review are summarized in the appendix attached to this order.

## A. The Hourly Rate

Defendants object to counsel's requested rates of $87.50 per hour for travel charges and $175 per hour for all other charges, but they offer no evidence in support of their objection. Plaintiff's lead counsel, Ina Schiff, submitted an affidavit from another attorney practicing in Rhode Island indicating that $175 per hour is the market rate for an attorney of Schiff's experience.[3] Since this assertion is unrebutted, I accept it and

---

[2] It is sometimes difficult to determine which of several categories most appropriately describe a particular charge. Nevertheless, I have divided the charges into categories because it is the most effective way to evaluate this substantial fee request.

[3] Legault did not include any evidence concerning the reasonableness of charging the same rate for her co-counsel, Henry Spaloss. However, Spaloss demonstrated in this litigation

determine that the proposed rates are reasonable.  As I describe in detail in the next section, however, while the hourly rates charged by plaintiff's counsel are reasonable as a general matter, Legault has submitted time charges at $175 per hour for a number of tasks that could have been completed by clerical staff, paralegals, or associates at much lower hourly rates.  Therefore, I have reduced the amount awarded for certain charges to take this concern into account.

B.    **The Requested Charges**[4]

that he is at least as skilled and qualified as Schiff. Moreover, Spaloss has been a practicing attorney for thirty-five years, and he is highly regarded in the New Hampshire legal community.  Therefore, I have no reason to question the reasonableness of a $175 per hour rate for Spaloss's time.

[4]  "[T]o recover fees, attorneys must submit a full and precise accounting of their time, including specific information about number of hours, dates and the nature of the work performed."  Deary v. Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993).  "[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award, or, in egregious cases, disallowance."  Grendel's Den, 749 F.2d at 952.  Schiff is well aware of this requirement since the Rhode Island District Court denied her client's request for fees in a prior case in part because she failed to submit contemporaneous records.  See Pontarelli v. Stone, 781 F. Supp. 114, 122 (D.R.I.), appeal dismissed, 978 F.2d 773 (1992).  Nevertheless, she inexplicably failed to submit contemporaneous time records in this case until the court ordered her to do so on March 22, 1996.  Having reviewed Schiff's contemporaneous time records against the summary she initially provided, I find that, with minor exceptions, the summary accurately reflects her contemporaneously recorded charges.

7

## 1. Complaint Preparation

Legault claims $3,237.50 for work performed in connection with the preparation of the complaint.  I have included in this category charges of $1,207.50 for time expended in attempting to settle the claim prior to filing the complaint.  I conclude that these time charges are reasonable.  Therefore, I approve them in full.

## 2. Preliminary Injunction

One of the most significant events in this case was the preliminary injunction Legault obtained requiring the Town to employ her as a firefighter pending the outcome of the case.  In order to obtain this relief, Legault had to participate in a hearing before the Magistrate Judge and later persuade me that the relief the Magistrate Judge proposed was inadequate.  Legault claims that she should be compensated for 117.9 hours of time spent researching and drafting pleadings and preparing for and attending the preliminary injunction hearing.  Therefore, she requests $20,632.50 for fees incurred in obtaining the preliminary injunction.

Although the preliminary injunction was an important event, I am unconvinced that it merited 117.9 hours of attorney time.  First, Legault charges for time spent by both Schiff and Spaloss

in attending the hearing, when only one lawyer was needed. Second, Legault has submitted charges for more than 70 hours her counsel spent researching and drafting pleadings in connection with the preliminary injunction motion.[5] Having carefully examined the pleadings Legault submitted in support of her preliminary injunction request, I conclude that they are of poor quality and were of limited value to the court. Further, a reasonable attorney charging $175 per hour would not have spent any where close to 70 hours in researching and drafting pleadings of such poor quality. Accordingly, I strike 15 hours from Legault's fee request and approve only $18,007.50 of the $20,632.50 in charges she submitted in this category.

### 3. Discovery

Legault claims that her attorneys reasonably spent 257.1 hours, totaling $44,992.50, for time devoted to activities associated with discovery. This includes 84 hours for drafting, reviewing, and responding to discovery requests; approximately 90 hours for interviewing and deposing witnesses; approximately 30

---

[5] I have included time spent in conducting general legal research on Title VII issues in this category. Since this research is not tied in the fee petition to any specific activity, it is possible that they were incurred for some other purpose. However, I have placed the charges in this category because, given the time when the research was conducted, it most likely was related to the preliminary injunction motion.

hours for general investigation and examination of documents; and approximately 50 hours for litigating discovery disputes.

I recognize that defendants were generally uncooperative and that they often did not provide timely or complete responses to Legault's discovery requests. However, even if I make substantial allowance for the added time caused by defendants' misconduct, I cannot accept Legault's time charges for discovery. This case involved a sex discrimination in hiring claim by a single plaintiff. Unlike many sex discrimination claims premised on a disparate impact theory, this case was not factually complex and it did not require extensive discovery. Under these circumstances, it should not have taken a reasonably skilled lawyer charging $175 per hour 84 hours to draft discovery responses and to respond to the defendants' requests, since much of the work charged at $175 per hour could have been performed by paralegals or associates at a much lower hourly rate. Nor would a reasonably skilled lawyer charging $175 per hour have incurred time charges of more than 50 hours in litigating the discovery disputes. Finally, it was unnecessary for both lawyers to attend many of the depositions and  Accordingly, I reduce Legault's claimed hours in this area from 257.1 to 221.1 and approve $38,867.50 of the $44,992.50 in requested charges.

10

## 4. Sanctions

Legault initially sought to have judgment entered against the defendants in a motion for sanctions she filed on April 4, 1995. Legault subsequently filed a reply memorandum and three supplemental memoranda in support of her request.[6] I held a hearing on the motion on April 29 and May 2, 1994. After I issued an order granting the motion in part, Legault submitted a memorandum opposing defendants' motion to reconsider the sanctions order. Legault seeks compensation for 174 hours, totaling $30,450.00 for work performed in connection with the sanctions motion.

Having presided over the sanctions hearing, and having carefully reviewed the pleadings submitted in support of Legault's sanctions request, I conclude that the charges submitted in connection with the motion were excessive for the following reasons. First, the pleadings Legault submitted on the sanctions issue were rambling, repetitive, and poorly researched. Second, although Legault was partially successful, she made a number of serious allegations in support of the sanctions motion

---

[6] I struck the final memorandum because it was unsolicited and came after I had given Legault a full and fair opportunity to identify any evidence supporting her motion during the sanctions hearing.

11

that she was not able to support.[7]  As a result, considerable time was wasted in litigating unsuccessful arguments.  Finally, even if all of Legault's efforts had been productive, it is inconceivable that a competent lawyer charging $175 per hour would have expended the time Legault's lawyers did in litigating the sanctions motion.  For these reasons, I reduce Legault's request by 80 hours and approve $16,450 of the $30,450 requested.

**5.  Other Motions, Pleadings, and Hearings**

Legault requested a total of 43.3 hours for work on her pre-trial memorandum.  This is far longer than a reasonable attorney charging $175 per hour would have taken to produce the same memorandum.  Legault's motion to extend time to file her fee petition and supplementary memorandum in support were unhelpful to the court; I granted her motion, but on grounds she failed to raise.  Her motion for instructions was similarly unhelpful, and should not have taken 4.3 hours of work to draft.  Therefore, I subtract 25 hours from the 86.3 she requests for these tasks, and award 61.3 hours, totalling $10,727.50 for plaintiff's attorneys' work on other motions, pleadings, and hearings.

---

[7]  I reject defendants' contention, however, that Legault's claims were so lacking in merit as to subject her lawyers to sanctions for pursuing them.

## 6.   Settlement

Undoubtedly, the prolonged settlement process in this case was not entirely the fault of Legault's attorneys.  However, the approximately 150 hours they spent preparing settlement documents, attending court-sponsored conferences, and communicating with opposing counsel is excessive.  Furthermore, Legault's attorneys made several clerical errors in calculating their requested time for their work towards settlement.  In an entry for day 686 of the litigation, they request 14.0 hours when only 1.4 hours are recorded, and in an entry for day 708, they request 8.0 hours when only .8 hours are recorded.  Therefore, I subtract thirty hours from the 188.1 hours requested by Legault's attorneys, and award a total of 158.1 hours, totalling $27,667.50 for their work towards settlement.

## 7.   Fee Petition

The approximately fifty hours Legault's attorneys spent preparing the fee petition and fee summary is excessive. Legault's attorneys could have saved considerable time and expense by submitting a copy of their contemporaneously generated computer billing records rather than the summary they submitted. Thus, much of the time they spent preparing the fee summary was wasted.  Furthermore, preparation of the fee petition did not

13

require the work of two attorneys charging $175 per hour for their time. Instead, much of the work needed to prepare the fee petition and fee summary could have been performed by clerical staff or paralegals, whose time could have been charged at lower rates. Therefore, I subtract twenty hours from the time requested, and award 31.5 hours, totaling $5,512.50 for charges incurred in preparing the fee petition.

### 8. Miscellaneous charges

I was unable to categorize a portion of the fees requested, although the entries recorded by Legault's attorneys were specific and reasonable. These included, <u>inter alia</u>, charges related to conferring with Legault, factual investigation, and preparation for trial. Defendants have made no specific objections to any charges, including those counted here. Therefore, I find that a request of 159.1 hours for a wide variety of miscellaneous work necessary to the litigation is not unreasonable, and I make no reduction.

### 9. Travel Time at $87.50 per hour

Legault seeks compensation for 103 hours of travel time at the reduced rate of $87.50 per hour. I find that it was unnecessary for both Spaloss and Schiff to be present at most of the depositions and hearings. In addition, neither lawyer should

14

have had to travel to Concord simply to file Legault's motion for preliminary injunction, although they both billed for travel time for this activity.  Further, Legault's attorneys do not explain why Spaloss had to travel to Rhode Island to work on the fee petition twice in three days.  Therefore, I deduct 33.5 hours for time spent unnecessarily travelling to these events and award fees for 69.5 hours of travel, totaling $6,081.25.

**10.  Summary**

In summary, I approve $154,393.75 of the $193,200 in fees Legault has requested.

### III.  Out-of-pocket Expenses and Costs

Schiff's submission supporting Legault's request for $26,968.71 in costs is flawed in two ways.  First, Schiff has combined her out-of-pocket expenses, to which Legault is entitled under 42 U.S.C.A. §§ 2000e-5(k) and 1988, and R.I. Gen. Laws 42-112-2, with her costs, to which she is entitled under 28 U.S.C.A. § 1920.  As these statutes govern different kinds of expenses, in order to adequately evaluate Legault's request, I must know which expenditures Schiff is counting as out-of-pocket expenses and which as "costs" within the meaning of 28 U.S.C.A. § 1920.  See Phetosomphone, 984 F.2d at 9 n.6.

15

Second, for out-of-pocket expenses which Legault is requesting as attorneys' fees, Schiff's cost "summary" does not meet the First Circuit's requirement of contemporaneity. See Weinberger, 925 F.2d at 527. The summary appears to have been created solely for the purpose of the fee petition. Furthermore, I ordered Schiff to supply contemporaneous billing records because her original submission of attorney hours, which was also a summary, failed to satisfy the contemporaneity requirement. The records Schiff submitted do not directly correspond with the entries in the cost summary. For example, Schiff records an expense of $3,800.00 on May 4, 1994, for paying an expert fee on day 366 of the litigation, but there is no record of such expense on May 4, 1994, in the contemporaneous records Schiff submitted. Therefore, I deny Legault's request for expenses and costs without prejudice and give her ten days to submit her expenses in a new, properly supported motion.

## IV. APPOINTMENT

### A. Fees Subject to the Sanctions Order

Although I directed Legault to identify the fees she incurred as a result of the misconduct identified in the sanctions order, she has failed to do so. Nor has the Town of

16

Johnston produced any evidence which would allow me to conclude that any of Legault's fees (other than the fees related to the litigation of the sanctions motion) were incurred because of the sanctioned misconduct. Therefore, I limit the amount of the sanction to fees incurred by Legault in litigating the sanctions motion. Accordingly, DiLuglio, aRusso, and Zambarano shall each be responsible for one-third of the $16,450 in reasonable fees Legault incurred in litigating the sanctions motion.

**B.** **The Town's Liability for Fees Incurred in Litigating the Sanctions Motion**

Because Legault is a "prevailing party" against the Town, she is entitled to recover all of the reasonable fees that she incurred in litigating the claims on which she prevailed. This includes fees incurred in litigating the sanctions motion. Although aRusso, Zambarano, and DiLuglio are also each liable for one-third of the $16,450 in reasonable fees incurred in litigating the sanctions motion, this does not relieve the Town of its obligation to pay those fees. Instead, the Town will be entitled to recover from the sanctioned parties any portion of the fees it pays to Legault that were incurred in connection with the sanctions motions.

## V.  CONCLUSION

Legault is entitled to recover attorneys' fees from the Town of Johnston totalling $154,393.75.  Her claim for expenses is denied without prejudice to her right to file a separate motion for expenses within the next ten days.  Zambarano, aRusso and DiLuglio are each liable for one-third of the $16,450 in reasonable fees Legault incurred in litigating the motion for sanctions.  To the extent that the Town pays Legault for fees incurred in litigating the sanctions motion, the Town shall have a right to recover from aRusso, Zambarano, and DiLuglio their respective shares of the fees they are obligated to pay pursuant to this order.

SO ORDERED.

_____
Paul Barbadoro, United States
District Judge for the
District of New Hampshire
(Sitting by Designation)


March 29, 1996

cc:  Ina P. Schiff, Esq.
     Henry F. Spaloss, Esq.
     Thomas A. DiLuglio, Esq.
     Jeffrey S. Michaelson, Esq.
     Sanford Gorodetsky, Esq.
     Milan Azar, Esq.
     Raymond Burghardt, USDC-RI