Parker v. Nashua                    CV-91-407-SD  05/30/96
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Sharon L. Parker

     v.                                    Civil No. 91-407-SD

City of Nashua, NH, et al.


                         O R D E R


     Before the court is plaintiff's motion seeking an additional
award of attorneys' fees, costs, and interest.  Document 110.[1]
The motion is grounded on legal services rendered in connection
with plaintiff's successful appeal.  See Parker v. City of
Nashua, NH, 76 F.3d 9 (1st Cir. 1996).  Defendant Francis Sheehan
objects.  Document 114.

     At outset, the court notes the nearly impossible task
imposed on a trial judge, deprived of the opportunity to read
appellate briefs, hear appellate argument, or participate in
appellate settlement conferences, to assess fees for services
rendered in connection with a successful appeal.  As the task is
so assigned, the court proceeds as best it may under the
circumstances.

_____

     [1]Plaintiff has also moved for expedited consideration of the
motion.  Document 117.  That motion is mooted by the issuance of
this order.

## 1. Attorneys' Fees

There can be no dispute that plaintiff is a prevailing party in this litigation. Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983). Defendant argues, however, that plaintiff met with limited success, having failed in her cross-appeal, and that a reduction of fees is thus in order. Corder v. Brown, 25 F.3d 833, 840-41 (9th Cir. 1994). Defendant also suggests that many of the listed services for which fees are charged were duplicative or unnecessary. Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992).

Review of the itemization of fees, which covers the period between March 23, 1994, and February 10, 1996, demonstrates that at least four attorneys worked at different times on the appeal.[2] Moreover, some of the fees sought include time spent in conferences between and among such attorneys. Charges are also made for the travel of more than one attorney to appellate settlement conferences and to the court for oral argument. Furthermore, much of the time spent in research and motion practice is, the court finds, excessive. The court has made deductions accordingly, resulting in reduction of the charges

---

[2]Although the itemization of claimed charges includes .5 hours for Attorney Eugene Quinn, the court has not been advised of his claimed hourly rate. Accordingly, these charges have been excluded from the computation hereinafter made.

2

claimed to the following allowable awards:

| | | |
|---|---|---|
| Atty Murphy | 61.4 hrs @ $150/hr | $ 9,210.00[3] |
| Atty Keefe | 7.55 hrs @ $150/hr | 1,132.50[4] |
| Atty Johnston | 80.95 hrs @ $ 90/hr | 7,285.50[5] |
| | TOTAL | $17,628.00. |

---

[3]The court deducts from the claimed hours of Attorney Murphy .1 hours on 4/15/94; .1 hours on 5/1/94; .15 hours on 5/4/94; .4 hours on 5/5/94; .2 hours on 5/17/94; 2 hours on 5/24/94; .25 hours on 6/27/94; 1 hour on 6/30/94; .1 hours on 7/11/94; .75 hours on 7/18/94; 3 hours on 8/9/94; .5 hours on 1/17/95; .25 hours on 3/30/95; .75 hours on 3/31/95; .1 hours on 4/24/95; .5 hours on 4/30/95; 1.5 hours on 5/1/95; 2 hours on 5/23/95; 1.4 hours on 5/24/95; 3.9 hours on 5/25/95; 1.2 hours on 5/26/95; .15 hours on 6/12/95; .45 hours on 7/17/95; .2 hours on 8/16/95; .4 hours on 8/17/95; .5 hours on 8/30/95; .2 hours on 9/6/95; .75 hours on 9/8/95; 1.75 hours on 9/11/95; 2.65 hours on 9/12/95; .4 hours on 10/3/95; .2 hours on 10/5/95; .75 hours on 10/11/95; .75 hours on 11/1/95; 1 hour on 11/2/95; 1.75 hours on 11/3/95; 1.25 hours on 11/4/95; 1.75 hours on 11/5/95; 2.25 hours on 11/26/95; 1 hour on 2/7/96; and .2 hours on 2/8/96.

[4]The claimed hours of Attorney Keefe are reduced by deducting .4 hours on 5/1/95; .25 hours on 5/23/95; .25 hours on 5/25/95; .1 hours on 6/12/95; 1.25 hours on 9/10/95; .6 hours on 9/12/95; and 2.25 hours on 11/6/95.

[5]The deductions for the claimed hours of Attorney Johnston include .5 hours on 3/23/94; 2 hours on 3/24/94; .2 hours on 3/25/94; .35 hours on 3/28/94; .5 hours on 3/31/94; .9 hours on 4/12/94; .5 hours on 5/1/94; .2 hours on 5/4/94; .2 hours on 5/5/94; .75 hours on 3/30/95; .1 hour on 3/31/95; .5 hours on 4/28/95; 4 hours on 4/30/95; 4 hours on 5/1/95; .75 hours on 5/13/95; 3.5 hours on 5/24/95; 4 hours on 5/25/95; 4 hours on 5/26/95; 2 hours on 6/1/95; 1.5 hours on 7/20/95; 3 hours on 8/21/95; 1 hours on 8/22/95; .5 hours on 8/29/95; 2.5 hours on 8/30/95; 3 hours on 9/1/95; 3 hours on 9/3/95; 3.5 hours on 9/5/95; 2.5 hours on 9/6/95; 3.5 hours on 9/7/95; 3.5 hours on 9/8/95; 2.5 hours on 9/11/95; 4 hours on 9/12/95; .5 hours on 9/13/95; 1 hour on 10/4/95; 3 hours on 10/9/95; 1.5 hours on 2/7/96; 4 hours on 2/8/96; 4 hours on 2/9/96; and 3 hours on 2/10/96.

Additionally, the court awards the paralegal identified as M.M. the claimed .8 hours at a $55 hourly rate, or $44, and reduces the claimed hours of paralegal J.E.S. from 2.7 to 2 hours at the same rate, for $110. The total of the amount of attorney fees, including paralegals, is therefore the sum of $17,782.00.

2. Costs

Plaintiff seeks costs connected with the appeal in the amount of $1,795. The terminal period involved runs from April 26, 1994, to November 6, 1995. Defendant challenges $174.05 of such costs, largely with respect to travel to appellate settlement conferences.

The law is clear that when costs are computed under 42 U.S.C. § 1988, they are to include reimbursement of reasonable and necessary attorneys' expenses, which include travel. Palmigiano v. Garrahy, 707 F.2d 636 (1st Cir. 1983). The court further finds that appellate settlement conferences are an integral part of the appellate process, for which such expenses should be reimbursed.

The court does find that the items of copying cases at Franklin Pierce Law Center on April 26, 1994, $10; travel and copying of materials at the same place on August 21, 1995, $15.70; and the photocopies of LaFave Search and Seizure treatise on November 2, 1995, of $10.40 should be deducted from the total

4

of claimed costs.  These items are in the possession of plaintiff's counsel, and can be utilized in other cases for other clients.  Accordingly, total costs of $1,759.60 are to be awarded to plaintiff.


3.  Interest

Suggesting that dichotomy as to received judgment dates is in order, the plaintiff claims post-judgment interest at differing rates of interest pursuant to 28 U.S.C. § 1961.[6] Defendant objects, contending that only one judgment date, February 2, 1994, here applies.  Defendant has the better of this argument.  See Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir. 1995) (interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantum of fees is set).

On the other hand, defendant overlooks that post-judgment interest is computed not on the amount of the verdict alone but also on the total of verdict, attorney fees, and costs.  Such

---

[6] 28 U.S.C. § 1961(a) provides for the calculation of post-judgment interest "at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment."  Subsection (b) of the statute provide that (with exceptions not here applicable) "interest shall be computed daily to the date of payment . . . and shall be compounded annually."

interest is computed from the date of any award of such fees and costs. <u>Wheeler v. John Deere Co.</u>, 986 F.2d 413, 415-16 (10th Cir. 1993).

Computed in such fashion, the total amount due plaintiff is to be calculated as follows.

| | |
|---|---:|
| Verdict | $208,000.00 |
| Pre-judgment interest | 24,757.87 |
| TOTAL | $232,757.87 |
| Interest @ 3.67%, 2/2/94 to 2/2/95 | 8,542.21 |
| TOTAL | $241,300.08 |
| Interest @ 3.67%, 2/2/95 to 2/24/95 | 533.77 |
| TOTAL | $241,833.85 |
| Attorney fees  2/24/95 | 84,283.90 |
| Costs  2/24/95 | 7,479.65 |
| TOTAL | $333,597.40 |
| Interest @ 3.67%, 2/24/95 to 2/24/96 | 12,243.02 |
| TOTAL | $345,840.42 |
| Interest @ 3.67%, 2/25/96 to 5/30/96 | 3,329.14 |
| Attorney fees  5/30/96 | 17,782.00 |
| Costs  5/30/96 | 1,759.60 |
| TOTAL | $368,711.16. |

The per diem rate from May 30, 1996, is to run at $36.97.

4.  Conclusion

As of May 30, 1996, plaintiff is entitled to payment of $368,711.16, which includes attorney fees, costs, and interest for services rendered through trial and appeal in this litigation.  From May 30, 1996, to May 30, 1997, the per diem interest rate is $36.97.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

May 30, 1996

cc:  Francis G. Murphy, Jr., Esq.
     Robert E. McDaniel, Esq.

7